UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FEDERICO CORONA ESCALONA, *on behalf of himself and all others similarly situated,*

                              Plaintiff,

       - against -                      **MEMORANDUM AND ORDER**
                                                                 23 CV 4812 (NCM) (CLP)

OCEAN SKY LLC d/b/a DRUNKEN CHICKEN, TONY MAN LOU, a/k/a MAN IAN LOU, a/k/a IAN LOU, HOK KUAN LOU, JOHN DOE CORPORATIONS 1-10, AND RICHARD ROES 1-100,

                              Defendants.
-----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        On June 27, 2023, Federico Corona Escalona ("plaintiff") commenced this action against Ocean Sky LLC, d/b/a Drunken Chicken ("Ocean Sky"), Tony Man Lou, a/k/a Man Ian Lou, a/k/a Ian Lou ("Tony Lou"), Hok Kuan Lou ("Hok Lou"), John Doe Corporations 1-10, and Richard Roes 1-100 (collectively, "defendants"), alleging that defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the New York Labor Law, N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and the supporting New York Codes, Rules, and Regulations, 12 N.Y.C.R.R. § 146 ("Hospitality Wage Order"), by failing to pay minimum and overtime wages pursuant to the FLSA and the NYLL, and by failing to pay spread-of-hours wages and provide accurate wage statements and wage notices pursuant to the NYLL. (Compl.[1])

        Currently pending before this Court is plaintiff's motion to amend the Complaint: (1) to add Excel Grill Inc. ("Excel Grill") and Jack Poon ("Poon") as named defendants; and (2) to add

---

[1] Citations to "Compl." refer to the initial Complaint, filed by plaintiff on June 27, 2023 (ECF No. 1).

1

claims on behalf of Jose Franco[2] ("Franco") as an additional named plaintiff in the action. (Pl.'s Mot. at 2).[3] For the reasons set forth below, plaintiff's motion to amend is granted.

## BACKGROUND

According to the Complaint, plaintiff was employed as a non-exempt food service worker for defendants for more than two years, from January 4, 2021 to May 7, 2023, working seven days a week, for approximately 79 hours per week. (Compl. ¶¶ 19, 22-24). Plaintiff alleges that he was not paid proper minimum wages nor was he paid overtime for hours worked in excess of 40 in a workweek, in violation of the FLSA and the NYLL. (Id. ¶¶ 25-28). He further alleges that there were other similarly situated employees who were not paid the proper minimum or overtime wages in violation of the FLSA (the "FLSA Collective plaintiffs"). (Id. ¶¶ 28, 42-45). The Complaint also alleges other NYLL claims solely on plaintiff's behalf, including that defendants failed to establish and preserve time and payroll records, to pay spread-of-hours pay, and to provide proper wage notice and wage statements. (Id. ¶¶ 31-37).

In the Complaint, plaintiff alleges that there are other "corporate entities and individuals who were involved in operating [d]efendants' restaurant and in managing [p]laintiff and the FLSA Collective [p]laintiffs" (id. ¶¶ 7-10), and that "[u]pon discovery of their names and information, plaintiff will seek to amend this complaint to identify them by name." (Id. ¶ 10).

---

[2] As discussed infra at 5, defendants oppose plaintiff's motion to amend only as it relates to the addition of new defendants; defendants do not address the addition of Franco as a party plaintiff. Accordingly, in the absence of opposition from defendants, the Court grants the motion to amend as it relates to adding Franco as a party plaintiff.

[3] As stated in plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Amend the Complaint, filed March 8, 2024 (ECF No. 24-2) ("Pl.'s Mot."), in the course of discovery, plaintiff learned that corporate defendant Ocean Sky also does business as "Bonchon," and seeks to add that reference to the caption of the Amended Complaint. (Pl.'s Mot. at 1, n.1). In the absence of any opposition from defendants, the Court also grants plaintiff's motion to amend the caption.

Following the filing of the Complaint on June 27, 2023, defendants filed their Answer on August 25, 2023. (Harrison Decl.[4] ¶ 3). Plaintiff served his initial discovery requests on September 7, 2023, while defendants served their initial discovery requests on September 25, 2023. (Id. ¶ 4). On September 13, 2023, defendants produced a one-page document, entitled "Independent Contractor Agreement" and dated December 16, 2021, executed by plaintiff and Excel Grill. (Id. ¶ 5). On November 1, 2023, the parties served their respective discovery responses, with plaintiff also including his limited document and video production. (Id. ¶ 6). At that time, defendants served responses to interrogatories but did not produce any other documents. (Id.) Plaintiff also notes that defendants refused to respond to plaintiff's Interrogatory Nos. 9, 10, 11, 12, and 15, which asked them (1) to identify any time keeping programs or systems utilized to track hours, (2) whether defendants issued the required NYLL wage notices and wage statements, (3) whether defendants paid spread-of-hours pay, and (4) to identify each owner of defendants' restaurant. (Id. ¶ 7).

On January 3, 2024, plaintiff served supplemental responses to defendants' discovery requests. (Id. ¶ 8). On January 10, 2023, after plaintiff attempted on "numerous occasions" to get defendants to supplement their responses, defendants produced 221 pages of delivery records, which showed food deliveries made by plaintiff. (Id. ¶¶ 7, 9).

On January 17, 2024, plaintiff served his Amended Rule 26(a) disclosures, adding Jose Franco as a witness. (Id. ¶ 10). Later that day, Franco indicated that he was retaining plaintiff's counsel to pursue his claims against defendants, so plaintiff's counsel asked if defendants would consent to adding Franco as an additional plaintiff and Excel Grill and Poon as named defendants. (Id. ¶ 11). Defendants refused to consent. (Id.) According to Mr. Harrison,

---

[4] Citations to "Harrison Decl." refer to the Declaration of David Harrison, Esq., filed March 8, 2024 (ECF No. 24-1).

3

plaintiff's counsel had previously notified defendants' counsel on several occasions that plaintiff wanted to add Excel Grill as a named defendant since the entity signed the Independent Contractor Agreement with plaintiff. (Id. ¶ 12). As for proposed defendant Poon, plaintiff asserts that in mid-January 2024, he discovered an old news article that identified Poon as a "franchise co-owner" of defendants' restaurant; in their responses to plaintiff's interrogatories, defendants had never identified Poon as an owner, only describing him as holding a "supervisory/management position." (Id. ¶¶ 13-14).

Plaintiff contends that on January 23, 2024, a few days after the discovery of Poon's position as an owner of defendants' restaurant, plaintiff filed his pre-motion letter request to amend the Complaint. (Id. ¶ 15). Plaintiff also notes that document discovery continued during February 2024, and that depositions had not been taken as of the filing of the instant motion. (Id. ¶¶ 16-17).

## DISCUSSION

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend "its complaint once as a matter of course within 21 days after serving the [original] complaint or within 21 days after a responsive pleading has been served." Santagata v. Diaz, No. 17 CV 3053, 2019 WL 2164082, at *2 (E.D.N.Y. May 17, 2019); Blanchard v. Doe, No. 17 CV 6893, 2019 WL 2211079, at *3 (E.D.N.Y. May 22, 2019). After that, amendments are allowed "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 expresses a strong presumption in favor of allowing amendment, stating that "[t]he court should freely give leave when justice so requires." Id. While courts have broad discretion in deciding whether to grant motions to amend, the Second Circuit has cautioned that an amendment should

4

be denied only "'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" Bensch v. Estate of Umar, 2 F.4th 70, 81 (2d Cir. 2021) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)) (identifying "repeated failure to cure deficiencies by amendments previously allowed" as an additional ground to deny a motion to amend).

 B. Analysis

  Defendants oppose plaintiff's motion to amend only as it relates to adding Excel Grill and Poon as named defendants, arguing that (1) plaintiff has moved to amend after the Rule 16 deadline for adding new parties and cannot show "good cause" to modify the Court-Ordered schedule; and (2) defendants will be prejudiced by the addition of Excel Grill and Poon as defendants. (Defs.' Opp.[5] at 6).

  1. Rule 16(b)(4)

  Citing Federal Rule of Civil Procedure 16(b)(4), defendants contend that when a party moves to amend a pleading after the court-ordered deadline to do so has expired, the moving party must show good cause and obtain the judge's consent to modify the schedule. (Id. at 1 (quoting Fed. R. Civ. P. 16(b)(4) (providing that "[a] schedule may be modified only for good cause and with the judge's consent"))). Defendants argue that courts in this district have previously held that good cause "depends on the diligence of the moving party" and whether "the proposed amendment rests on information that the party knew or should have known, in advance of the deadline." (Id. (quoting Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536

---

[5] Citations to "Defs.' Opp." refer to defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint, filed March 29, 2024 (ECF No. 25). The Court notes that defendants' Memorandum of Law does not include page numbers, and thus the page numbers herein assume that the page marking the beginning of the "ARGUMENT" section is the first page.

(E.D.N.Y. 2010) (internal citations and quotations omitted)); see also CSX Transp., Inc. v. Emjay Environment Recycling, LTD., No. 12 CV 1865, 2013 WL 12329546, at *3 (E.D.N.Y. Sept. 18, 2013) (holding that to satisfy the good cause standard, the moving party must "demonstrate that [it] has been diligent in its effort to meet the Court's deadlines")).

Defendants contend that, pursuant to the civil case management plan filed with the Court on September 1, 2023, the parties agreed to seek leave to amend the pleadings by November 1, 2023.  (Id. at 3 (citing Jun Aff.,[6] Ex. A)).  Given that plaintiff filed his letter requesting a pre-motion conference on January 23, 2024, defendants argue that plaintiff's letter was filed 83 days past the scheduled deadline, and since plaintiff failed to act with diligence, he cannot demonstrate good cause for why he could not adhere to the deadline.  (Id.)  Defendants cite several cases where courts have found a lack of diligence where plaintiffs missed the deadline for amendment by two and a half months or longer.  (Id. at 3-4 (citing cases)).

Defendants do concede that "'[c]ourts have consistently recognized that if a party learns new facts through discovery that were unavailable prior to the applicable deadline and moves promptly to name new parties based on such facts,'" then granting leave to amend is appropriate, (id. at 2 (quoting Port Authority Police Benev. Ass'n v. Port Authority of N.Y. & N.J., No. 15 CV 3526, 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016) (collecting cases))), but they argue the Court must also determine "'whether [p]laintiff had notice of, or was diligent in discovering, the alleged new facts.'"  (Id. at 3 (citing Rococo Assocs. Inc. v. Award Packaging Corp., No. 06 CV 0975, 2007 WL 6083956, at *3 (E.D.N.Y. July 9, 2007) (adopting report and recommendation))).

---

[6] Citations to "Jun Aff." refer to Robert Jun's Affirmation in Opposition, filed March 29, 2024 (ECF No. 25-7).  The Jun Affirmation includes a copy of the parties' Civil Case Management Plan, filed on September 1, 2023, as Exhibit A.

Specifically, defendants contend that when they provided the Independent Contractor Agreement[7] to plaintiff's counsel on September 14, 2023, plaintiff was on notice of Excel Grill and should have moved diligently to add Excel Grill at that time. (Id. at 4). As for proposed defendant Poon, defendants contend that when plaintiff served his initial disclosures on August 28, 2023, he identified "Jack LNU" as someone likely to have discoverable information. (Id. (citing Jun Aff., Ex. C)). Defendants also assert that their initial disclosures, served on September 14, 2023, identified "Jack Poon" as someone likely to have discoverable information.[8] (Id. (citing Jun Aff., Ex. D)). Moreover, defendants state that plaintiff's letter dated January 23, 2024, requesting a pre-motion conference to discuss potential amendments to the Complaint, represents that Poon hired plaintiff, hired and fired Franco, and actively managed defendants' restaurant. (Id. at 4-5 (quoting Jun Aff., Ex. E)).[9] Defendants thus contend that if plaintiff's representations are true, then they "cast[] further doubt on the diligence of plaintiff's counsel." (Id. at 5).

Defendants admit that on November 1, 2023, they identified Poon in response to plaintiff's Interrogatory No. 3, which asked for the identities of all people who held supervisory or management positions at defendants' restaurant. (Id. at 6). They do not respond, however, to plaintiff's assertion that he only learned of Poon's ownership interest in January 2024, except to contend that plaintiff's counsel has failed to provide an adequate explanation of why counsel

---

[7] The Independent Contractor Agreement states: "I Fredi am an independent contract for delivery service. I like to provide you Excel Grill Inc. (restaurant name) a delivery service for your food to your customers whenever you need me. I agree that I am not your employee . . ." (Jun Aff., Ex. B).

[8] Defendants appear to suggest that their identification of an individual named "Jack Poon" in their initial disclosures should have been assumed by plaintiff to be the "Jack LNU" that plaintiff identified in their initial disclosures. While there is a strong suggestion, perhaps, that "Jack LNU" and "Jack Poon" are in fact the same person, the Court notes that it would have been reasonable for plaintiff not to assume this association, given the commonality of the name "Jack" and plaintiff's non-exhaustive list of "defendants' owners, management, managers and payroll and human resources personnel" likely to have discoverable information. (See ECF No. 25-2).

[9] To the contrary, plaintiff claims that he only discovered this information about Poon shortly before filing his pre-motion letter. (See discussion supra at 4).

7

only learned said information in January 2024. (Id.) Defendants also assert that, despite the November 1, 2023 deadline for amending the pleadings, plaintiff's counsel did not reach out to defendants' counsel to seek an extension of this deadline until January 2024. (Id.) Defendants thus argue that plaintiff has failed to demonstrate that he acted with diligence to comply with the November 1, 2023 deadline; he has failed to establish good cause, and therefore, his motion to amend as it relates to adding Excel Grill and Poon as named defendants should be denied. (Id. at 7).

When a plaintiff moves to amend after the deadline set by the court has passed, "the liberal pleading requirements in Rule 15(a) must be balanced with Rule 16(b)'s requirement that scheduling orders shall not be modified except upon a showing of good cause." Calabro v. Stone, No. 03 CV 4522, 2005 WL 327547, at *1 (E.D.N.Y. Jan. 27, 2005) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000)) (internal citations and quotation marks omitted). Although diligence is the "primary consideration" in determining whether to allow an amendment after the expiration of a court-ordered deadline, the Court may also consider other factors, including "whether allowing the amendment at this stage of the litigation will prejudice defendants." Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). In Castro v. City of New York, this court noted that "[b]y requiring the district court to consider and balance factors other than a plaintiff's diligence, the [Second Circuit] left open the possibility that amendments could be permitted even where a plaintiff has not been diligent in seeking the amendment." No. 06 CV 2253, 2010 WL 889865, at *2 (E.D.N.Y. Mar. 6, 2010).

In this case, although defendants produced the one-page Independent Contractor Agreement referencing Excel Grill on September 14, 2023 (Defs.' Opp. at 4), the bulk of defendants' documents were not produced until January and February 2024 (Harrison Decl. ¶¶ 4-

8

5, 9, 16), well after the deadline for responding to plaintiff's September 7, 2023 document requests and the November 1, 2023 deadline set by the Court for leave to amend the pleadings. It was reasonable for plaintiff not to immediately add Excel Grill as a party defendant in September 2023 upon receipt of the one-page Independent Contractor Agreement. Defendants' timely production of payroll records, time sheets, and invoices would have provided plaintiff with valuable information necessary to contextualize the Independent Contractor Agreement. Given that defendants did not produce any additional documents until after the deadlines for document production and leave to amend the pleadings had passed, defendants' complaint about plaintiff's failure to comply with deadlines is disingenuous.

In addition, plaintiff claims that defendants refused to provide answers to several of plaintiff's interrogatories, including Interrogatory No. 15, which specifically requested the identity of each owner of defendants' restaurant. (Id. ¶ 7). While defendants claim that plaintiff should have been aware of the need to add Poon as a defendant given the parties' initial disclosures, wherein plaintiff identified a "Jack LNU" and defendants identified a "Jack Poon" as "someone likely to have discoverable information" (Defs.' Opp. at 4), it is undisputed that defendants failed at that time to identify Poon as an "owner." (See Harrison Decl. ¶ 14; ECF No. 25-4). Given that defendants described Poon in discovery responses, dated November 1, 2023 – the date by which plaintiff would have been required to amend the Complaint – as merely holding a "supervisory/management position" (id.), plaintiff's hesitancy to add him as a named defendant was reasonable. It was not until mid-January 2024, when plaintiff identified Poon as a "franchise co-owner" from a news article (id. ¶ 13), that plaintiff had a sufficient basis to name Poon as an "employer" and add him as a defendant to the action. Until plaintiff realized Poon was a co-owner of the franchise, plaintiff may not have believed he had a good faith basis to

9

amend the Complaint. Plaintiff's pre-motion letter was filed on January 23, 2024, only days after he claims to have discovered this information. (See ECF No. 21; Harrison Decl. ¶13-15). Finally, to the extent that plaintiff may have attempted to avoid motion practice by seeking to secure defendants' consent to the amendment, plaintiff cannot be criticized by undertaking a meet and confer as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 37(a)(1) (indicating that a discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure in an effort to obtain it without court action").

Accordingly, the Court finds that plaintiff acted with sufficient diligence in seeking to amend beyond the deadline set for the amendment of pleadings, and he has shown good cause for extending the time to amend the Complaint.

2. Prejudice

It is well established that a court may deny a motion to amend even in the absence of prejudice to the non-moving party. See, e.g., Gullo v. City of New York, 540 F. App'x 45, 47 (2d Cir. 2013) (holding that "the absence of prejudice alone does not constitute good cause under Rule 16"); Klinkowitz v. Jamaica Hosp. Med. Ctr., No. 20 CV 4440, 2022 WL 818943, at *3 (E.D.N.Y. Mar. 17, 2022) (holding that "the absence of prejudice . . . is not sufficient to establish good cause; the lack of diligence and failure to follow the Court's deadlines is sufficient to deny amendment").

In this case, however, defendants assert that they will suffer prejudice if plaintiff is allowed to amend to add these new defendants. (Defs.' Opp. at 7). They argue that "litigation will be prolonged, and that additional discovery will have to be done with regards to the new parties." (Id.) Defendants also dispute plaintiff's claim that "'because [d]efendants admittedly

10

did not maintain any time or pay records . . . there should not be many additional documents that need to be produced,'" asserting that defendants never made such a representation and "this Court should disregard this baseless claim."[10] (Id.) Defendants further complain that, despite their efforts to depose plaintiff, plaintiff failed to timely provide discovery responses, including responses to defendants' First Request for Admissions and Second Set of Interrogatories, which were due December 18, 2023. (Id.) Although the parties later agreed that responses would be due January 10, 2024, defendants assert that plaintiff only provided them on January 17, 2024. (Id. at 8).

Defendants' argument that the litigation will be "prolonged" or additional discovery will be required is not sufficient to deny a motion to amend. See, e.g., Covet & Mane, LLC v. Invisible Bead Extensions, LLC, No. 21 CV 7740, 2023 WL 2919544, at *18 (S.D.N.Y. Mar. 23, 2023) (finding that "the fact that amendment will lead to further expense and time is not sufficient, in this instance, to deny a motion to amend" where additional motion practice was expected) (citations omitted). Given that the Court is allowing the amendment to add Mr. Franco as a party plaintiff and given that no depositions have taken place to date, in the absence of specific prejudice to defendants, the Court also finds that adding these additional defendants at this time is in the interest of judicial economy. See id. (holding that inefficiencies created by adding new parties are "outweighed by other concerns, particularly the interests of judicial economy").

---

[10] In plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion to Amend the Complaint, filed April 5, 2024 (ECF No. 26) ("Pl.'s Reply"), plaintiff identifies three types of records that have been produced by defendants: (1) the one-page Independent Contractor Agreement; (2) delivery records showing deliveries made by plaintiff; and (3) plaintiff's phone records subpoenaed from plaintiff's phone carrier. (Pl.'s Reply at 7, n.4). Plaintiff further states that defendants "have not produced a single time record or pay record for [p]laintiff." (Id.) Although defendants contend that they never conceded that they have no payroll records (Defs.' Opp. at 7), if defendants had any pay or time records, these records should have been produced long ago. If they do not have these records, then it is appropriate for the Court to consider plaintiff's argument that, in the absence of any such additional records, document discovery will be limited in the event that an amendment is allowed.

## CONCLUSION

Accordingly, plaintiff's motion to amend the Complaint to add Jose Franco as a named plaintiff, to add Jack Poon and Excel Grill Inc. as named defendants, and to amend the caption to include the reference to "Bonchon" as an additional name under which Ocean Sky does business is granted.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 12, 2024

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York